UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTH ATLANTIC DISTRIBUTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL LONGSHOREMEN ASSOCIATION, LOCAL 1996-1 <br><br> Defendant. | Docket No. 1:16-cv-67 <br><br> *Electronically Filed* |

**COMPLAINT AND MOTION TO DECLARE VIOLATION OF COLLECTIVE BARGAINING AGREEMENT AND TO VACATE, CORRECT OR MODIFY THE ARBITRATOR'S AWARD**

**JURISDICTION AND VENUE**

1. Jurisdiction is properly before this Honorable Court pursuant to 29 U.S.C. §301 (185)(a).

2. Jurisdiction is proper over the Defendant pursuant to 29 U.S.C. §301(185)(a-c).

**PARTIES**

3. Plaintiff, North Atlantic Distribution, Inc. (hereinafter referred to as "NORAD"), an automobile processing business which receives shipments of new automobiles, services them as needed, and prepares them for shipping to dealers, is a Rhode Island corporation located in Davisville, Rhode Island and is engaged in interstate commerce within the meaning of 29 U.S.C. §152(2).

4. Defendant, ILA Local 1996-1 is a labor organization, as defined in 29 U.S.C. §152(2)(5) who represents certain employees of NORAD at its Davisville facility.

5. Plaintiff NORAD is engaged in commerce within the meaning of 29 U.S.C. §152 (2)(6).

6. Plaintiff NORAD's activities affect commerce within the meaning of 29 U.S.C. §152(2)(7).

**PRELIMINARY STATEMENT OF CASE**

7. This is an action for declaration of a violation of the collective bargaining agreement and a Motion to Vacate, Correct or Modify an Arbitration Award.

8. The Collective Bargaining Agreement between the parties is dated July 14, 2014, and is attached hereto as Exhibit A (the "Agreement").

9. The Grievance which was the subject of the Arbitration is dated January 7, 2015, and is attached hereto as Exhibit B.

10. The request for arbitration which was the subject of the arbitration is dated January 26, 2015, and is attached hereto as Exhibit C.

11. The Arbitration Award which is the subject of this action is dated December 29, 2015, and is attached hereto as Exhibit D.

12. This is an action to declare a violation of the collective bargaining agreement and to vacate, correct or modify an Arbitration Award for the following reasons:

    (a) the Arbitration suffered from lack of subject matter jurisdiction;

    (b) the Arbitrator violated the Agreement by failing to rule that the Grievance which was the subject of the arbitration:

        i. did not constitute a "grievance" as required by Article XIII (entitled "Grievance Procedure and Arbitration") of the Parties' collective bargaining agreement,

        ii. did not comply with the express requirements of Article XIII, and

        iii. was not arbitrable.

    (c) the Arbitrator lacked jurisdiction and authority under Article XIII (entitled "Grievance Procedure and Arbitration")

    (d) the Arbitrator violated the Agreement, including violating the contractual mandates as contained in Article XIII of the Parties' collective bargaining agreement, entitled "Grievance Procedure and Arbitration";

    (e) even assuming for argument the matter was arbitrable:

        i. the Arbitrator violated the limitations on his authority under Article XIII (entitled "Grievance Procedure and Arbitration");

        ii. the Arbitrator violated the Agreement by failing to rule at the outset that the matter was moot;

        iii. the Arbitrator violated the Agreement by dispensing "his own brand of industrial justice;" and

        iv. the Arbitrator violated the Agreement by engaging in interest arbitration rather than grievance arbitration.

## OVERVIEW OF CASE:

### I

### Not a "grievance"; Not arbitrable; Arbitrator lacked jurisdiction and authority; Arbitrator violated Agreement

13. The Agreement specifically defines what is, and is not, arbitrable.

14. The Agreement, in Article XIII entitled "Grievance Procedure and Arbitration," states:

> "A grievance under this Agreement is a dispute, claim or complaint <u>concerning the interpretation or application of the terms of this Agreement</u> or any dispute concerning the discharge or discipline of any employee covered by this Agreement. (Emphasis added)

15. Step 2 under Article XIII requires any grievance to be in writing and to comply with this requirement:

> "The written grievance shall state, with reasonable clarity, the nature of the grievance, the act or acts complained of and when they occurred, the identity of the employee or employees who claimed to be aggrieved, <u>the provisions of this Agreement which are claimed to have been violated</u> (except in the case of discipline or discharge), and the remedy which is sought." (Emphasis added)

16. Article XIII of the Agreement explicitly limits the authority of the Arbitrator:

> "The arbitrator established hereunder shall have jurisdiction and authority <u>only to resolve the questions specifically submitted to him, which shall be limited to interpretation of this Agreement</u>, and the application of this Agreement to the matters in dispute which may be presented to him through the grievance procedure. <u>In no event shall the arbitrator be empowered to alter, revise, add to, or abolish, in any way, the provisions of this Agreement</u>." (Emphasis added)

17. Article XIII of the Agreement further provides:

> Notwithstanding any other provision of this Agreement, submission to arbitration of a dispute or controversy <u>shall not be held to be a waiver of the right of the Union or the Company to contend before the arbitrator that the matter is not arbitral</u>." (Emphasis added)

18. Plaintiff raised the issue that the matter is not arbitrable at the commencement of the proceeding, but the Arbitrator denied Plaintiff's motion.

19. The grievance in the instance case is a one page document, set forth as Exhibit B attached hereto.

20. In the one page form, under the topic entitled "CBA Article Violated," the grievance is blank.

21. The grievance lists no "CBA Article violated."

22. The grievance sets forth no allegation:

    "<u>concerning the interpretation or application of the terms of this Agreement</u>" (Article XIII) Emphasis added)

23. The grievance fails to state:

    "<u>the provisions of this Agreement which are claim to have been violated</u>"
    (Article XIII) (Emphasis added)

24. Based on the definition of grievance quoted above, the document Exhibit B does not constitute a "grievance" within the meaning of the Agreement, and it is not arbitrable, because it does not set forth a

    "dispute, claim or complaint <u>concerning the interpretation or application of the terms of this Agreement</u>." (Article XIII) (Emphasis added)

25. Based on the requirements of Step 2 of Article XIII quoted above, the document Exhibit B does not constitute a "grievance" within the meaning of the Agreement, and it is not arbitrable, because it does set forth any

    "<u>provisions of this Agreement which are claimed to have been violated</u>"
    (Article XIII) (Emphasis added)

26. In his decision purportedly construing the Agreement, the Arbitrator lays down requirements for an enclosed unit adjoining the "fuel island".

27. However, there is no provision in the Agreement for a "fuel island structure," let alone an enclosed unit.

28. The words "fuel island structure" do not even appear in the Agreement.

29. Nor has the Agreement been amended to include a provision for a "fuel island structure."

30. The Arbitrator refers to a June 30, 2014 letter from the company, referencing a fuel island structure.

31. The June 30, 2014 letter is attached hereto as Exhibit E.

32. However, nowhere does the June 30, 2014 letter refer to an enclosed unit.

33. Further, the June 30, 2014 letter referencing a fuel island structure, attached hereto as Exhibit E, is not an amendment to the Agreement, because:

    a. since it is dated June 30, 2014, it precedes in time the July 14, 2014 Agreement, and

    b. the contractual requirements in Article XVI to amend the Agreement were never followed.

34. Conversely, even though the June 30, 2014 letter precedes in time the July 14, 2014 Agreement, nowhere does the July 14, 2014 Agreement incorporate by reference the June 30, 2014 letter.

4

35. Inasmuch as the June 30, 2014 letter is not incorporated by reference into the July 14, 2014 Agreement, and is not an amendment to the Agreement, it can be conclusively said that it is not part of the Agreement.

36. There being no provision in the Agreement for a "fuel island structure," there is no "fuel island structure" provision in the Agreement for the Arbitrator to interpret.

37. Under the requirements of Article XIII of the Agreement quoted above, the Arbitrator had no jurisdiction or authority to lay down requirements for a "fuel island structure," since the Agreement contains no provision for a "fuel island structure," and the Agreement provides:

> "The arbitrator established hereunder shall have jurisdiction and authority <u>only to resolve the questions specifically submitted to him, which shall be limited to interpretation of this Agreement</u>" (Article XIII)
> (Emphasis added)

38. Under the requirements quoted above, the Arbitrator had no jurisdiction or authority to lay down requirements for a "fuel island structure," since the Agreement contains no provision for a "fuel island structure," and the Agreement provides that:

> "<u>In no event shall the arbitrator be empowered to alter, revise, add to, or abolish, in any way, the provisions of this Agreement</u>" (Article XIII)
> (Emphasis added)

## II

**Even assuming for argument that the issue of the requirement to build a fuel island structure were arbitrable, the issue was moot by the time of the arbitration, since the Company had built a fuel island structure before the arbitration commenced on September 29, 2015.**

39. Even assuming for argument that the issue of the requirement to build a fuel island structure were arbitrable, all the letter of June 30, 2014 required for was for the Employer to "build a fuel island structure at its facility…."

40. The June 30, 2014 letter contained no requirement of an enclosed unit.

41. The June 30, 2014 required a "fuel island structure," and the Employer built a fuel island structure.

42. Further, it completed the structure prior to the commencement of the Arbitration.

43. It cost in excess of $50,000.

44. The Employer acknowledges that it did not construct a fuel island structure at its facility "within six (6) months of the date of this letter," as it had specified.

45. The reason is that it re-configured its facility in the meantime.

46. However, it did complete the fuel island structure prior to September 29, 2015, the commencement of the Arbitration.

47. Therefore, by the time the Arbitration commenced on September 29, 2015, the issue was moot.

48. The Plaintiff raised the issue of mootness, but the Arbitrator denied the motion.

49. It violated the Agreement for the Arbitrator to fail to declare the matter moot.

50. Photos of the fuel island structure introduced during the Arbitration are set forth in Exhibit F attached.

### III

**Even if the issue was arbitrable, the Arbitrator violated the Agreement and his authority and jurisdiction by:**

**(a) de facto ruling that the "fuel island structure" built at the facility was not a "fuel island structure" within the meaning of the June 30, 2014 letter,**

**(b) instead construing the June 30, 2014 letter to require a different type of fuel island structure, and**

**(c) construing the June 30, 2014 letter to require an enclosed facility.**

51. All the June 30, 2014 letter required was for the Employer to build a "fuel island structure at its facility."

52. The photos put into evidence during the Arbitration irrefutably demonstrate that a fuel island structure had been built, and was in place, prior to the Arbitration.

53. The Arbitrator had no jurisdiction or authority other than to acknowledge that fact, and conclude the Arbitration.

54. Since a fuel island structure had already been built, there was no question legally remaining before the Arbitrator.

55. It was not for the Arbitrator to invent additional requirements or dream up specifications to which the parties had not agreed.

56. Nowhere did the "Grievance" ask for an enclosed unit.

57. Nor did the "Grievance" ask that the Arbitrator "define" what he thought a fuel island structure should look like, with what materials it should be constructed, or how the Plaintiff should build it.

58. Worse, a requirement for an enclosed unit had previously been proposed by the Union but rejected by the Company during the negotiations, and abandoned by the Union.

59. Therefore, the Arbitrator's award violated the Agreement by attempting to enforce a provision which had not been agreed to, which had never been adopted, but which in fact had been abandoned by the Union as the negotiations proceeded.

60. The Union's proposals set forth in "ILA Local 1996-1 INITIAL PROPOSALS" are undated but were submitted to the Employer in September 2013 and are attached hereto as Exhibit G.

61. Paragraph 24 of the Union's September 2013 proposals was:

    "Employer will build a climate-controlled enclosed area for fuel island attendant."

62. It is indisputable that the Union raised this issue.

63. However, it is equally indisputable that the Company refused to agree to this provision.

64. As a result, it is indisputable that no agreement was reached to build an enclosed unit.

65. There was no meeting of the minds.

66. This is evident in that:

    a.   The June 30, 2014 letter contains no reference to an enclosed unit, and

    b.   The July 14, 2014 Agreement contains no reference to an enclosed unit, in fact no reference to a fuel island structure at all.

67. Therefore, on the face of the documents, it is evident that the Union and the Company never reached an agreement for the Company to build an enclosed unit.

68. The purpose of arbitration is to enforce what the parties had agreed to, not to enforce what they had NOT agreed to.

69. The Arbitrator only has authority to enforce what the parties had agreed to, not to enforce what they had NOT agreed to.

70. Since no agreement was ever reached to build an enclosed unit, and in fact the Union abandoned that proposal as the negotiations proceeded, it violated the Agreement for the Arbitrator to attempt to impose that requirement.

71. The Plaintiff timely challenged the jurisdiction of the arbitrator at the Arbitration Hearing in accordance with Article XIII of the collective bargaining agreement.

72. Even assuming for argument that the June 30, 2014 letter was "a provision" of the Agreement, and even assuming that the issue of the fuel island structure was arbitrable, the Arbitrator violated Article XIII by altering, revising and adding to "the provisions of this Agreement," by

    A. rejecting the structure already built, and

    B. requiring a new structure be built, which was enclosed.

73. Imposing this requirement explicitly violated the provision of Article XIII, which limited the Arbitrator's jurisdiction and authority as follows:

> "The arbitrator established hereunder shall have jurisdiction and authority <u>only to resolve the questions specifically submitted to him, which shall be limited to interpretation of this Agreement</u>, and the application of this Agreement to the matters in dispute which may be presented to him through the grievance procedure. <u>In no event shall the arbitrator be empowered to alter, revise, add to, or abolish, in any way, the provisions of this Agreement</u>." (Emphasis added)

74. The June 30, 2014 letter states:

    > "I trust this is satisfactory to you and Local 1996-1, but if you have any questions, concerns, or comments please do not hesitate to contact me."

75. Thereafter, the Union never asked the company's owner for clarification of his correspondence or what type of fuel island structure he intended to build.

76. It is not for the Arbitrator to impose requirements which even the Union did not require.

77. The Arbitrator exceeded his authority when he asserted jurisdiction over a matter that was not arbitrable.

78. The Arbitrator exceeded his authority when he usurped the role of the Parties by requiring that the company build an "enclosed area," when they had never agreed to.

79. The Arbitrator exceeded his authority when he directed that Plaintiff build an enclosed area described as "covering that anyone can see at any gas station".

80. The Arbitrator exceeded his authority when he directed that Plaintiff to consider obtaining "a pre-fabricated unit".

81. The Arbitrator exceeded his authority when he directed:

    > The parties are to inquire from OSHA and the Rhode Island/Town of North Kingstown Fire Marshals regarding the permitted use of the fuel operator's or any operator's use of a vehicle for refuge with its location next to fuel and the pumping apparatus and the parties shall abide by the opinion and regulations, if any.

82. The Arbitrator exceeded his authority by performing an "interest arbitrator" function.

83. This is a textbook case of an Arbitrator trying to impose his version of industrial justice, which is proscribed by the <u>Steelworkers Trilogy</u>[1].

84. As a result of the Arbitrator's actions, the Parties' collective bargaining agreement has been breached.

---

[1] Steelworkers v. American Mfg. Co., 363 U.S. 564, 46 LRRM 2414 (1960), Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 46 LRRM 2416 (1960), Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 46 LRRM 2423 (1960)

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court declare that the collective bargaining agreement has been violated, and vacate, correct, or modify the Arbitration Award for any one or more of the reasons fully articulated in its Memorandum of Law to be submitted, and any other relief that the Court deems just and appropriate.

Dated: February 16, 2016					By its Attorney,

								*North Atlantic Distribution, Inc.*

								By: /s/ Thomas J. McAndrew

								Thomas J. McAndrew, Esq. (#1001)
								Thomas J. McAndrew & Associates
								One Turks Head Place, Suite 205
								Providence, Rhode Island 02903
								Phone: (401) 455-0350
								Fax: (401) 455-0882
								Email: tmcandrew@tjmcandrewlaw.com